UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RUBY ROSE,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>  Defendant. | No. CV 03-00743 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Ruby Rose ("Rose") filed this action on January 31, 2003. On June 30, 2003, the Court remanded the case pursuant to Sentence 6 of 42 U.S.C. § 405(g) because the file could not be located. On October 3, 2006, the Court, upon stipulation of the parties, ordered that the case is reopened. On March 14, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 22, 2007, and March 27, 2007. Pursuant to the Court's Order, the parties filed an amended Joint Stipulation on March 27, 2007, that addresses the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that the decision of the Commissioner must be reversed and remanded with instructions for the payment of benefits.

## I.

## **PROCEDURAL BACKGROUND**

On February 28, 2001, Rose filed the application for Supplemental Security Income benefits that is at issue before this Court. A.R. 330-34. Rose had filed at least three prior applications on March 27, 1989, October 19, 1994, and April 20, 1998. A.R. 484. The three prior applications were denied at various administrative levels. *Id.*

The Administration denied the February 28, 2001 application at the initial stage and issued a notice on April 30, 2001. A.R. 321-25. Rose sought review before an Administrative Law Judge ("ALJ"). A.R. 326. The ALJ conducted a hearing on February 19, 2002, and a supplemental hearing on May 14, 2002. A.R. 30-52.

On May 29, 2002, the ALJ issued a decision denying benefits. A.R. 18-23.

Rose sought review with the Appeals Council. A.R. 12. On November 29, 2002, the Appeals Council denied the case and cast the ALJ's decision dated May 29, 2002 as the final decision of the Commissioner. A.R. 3-4.

Rose filed a complaint with the Central District of California on January 31, 2003. On June 30, 2003, the Court remanded the case pursuant to sentence 6 of 42 U.S.C. § 405(g) because the file could not be located. A.R. 536-37. On October 23, 2003, the Appeals Council vacated the May 29, 2002 decision and remanded the claim. In the remand order, the Appeals Council stated that it had reviewed the file on its own and determined that the ALJ failed to evaluate Rose's obesity under former Social Security Ruling 00-3p. A.R. 538-40.

On December 7, 2004, the ALJ who issued the May 29, 2002 decision conducted a hearing. A.R. 483, 496-518. The ALJ noted that Rose had filed a new application while her district court appeal was pending, and that Rose had been granted benefits as of January 14, 2003. A.R. 484, 489.

On January 6, 2005, the ALJ issued an unfavorable decision. A.R. 483-89. On February 11, 2005, and February 14, 2005, Rose sought review of the ALJ's decision. A.R. 458, 460. On May 20, 2005, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. A.R. 595-96.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

## III.

## EVALUATION OF DISABILITY

The parties agree that Rose's subsequent application for benefits was granted as of January 14, 2003. Therefore, the only issue before this Court is whether Rose was disabled during the period February 28, 2001 through January 13, 2003. The ALJ was apparently unable to obtain the file for Rose's subsequent application dated January 14, 2003. A.R. 484, 541.

With respect to Rose's application dated February 28, 2001, the Appeal Council's order dated October 23, 2003, vacated the ALJ's order dated May 29, 2002 and

remanded to the ALJ to "evaluate the claimant's obesity, and determine its effects on her ability to engage in work-related activities." A.R. 540.

Rose contends that the ALJ erred in rejecting the testimony of his own medical expert. For the reasons set forth below, the Court agrees and remands with instructions for an award of benefits.

### A. The Rebuttable Presumption of Nondisability and Changed Circumstances

Rose does not dispute that there is a continuing rebuttable presumption on nondisability pursuant to *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). When a claimant's application for SSI benefits is denied and the claimant does not appeal, the decision denying benefits becomes binding and creates a presumption of continuing nondisability. *Id.* Here, the ALJ applied the presumption based on prior ALJ decisions on May 15, 1990 and September 20, 1996, and some findings in the April 20, 1999 decision, all of which were not appealed. A.R. 485-86.

In a subsequent application for benefits, the claimant "must prove 'changed circumstances.'" *Chavez*, 844 F.2d at 693. Changed circumstances may include age, a claim of impairment not considered in the previous application(s), or an increase in the severity of an existing impairment. *Lester v. Chater*, 81 F.3d 821, 827-28 (9th Cir. 1995).

Here, the impairment not considered in the previous applications – whether alone or in combination with other impairments – was obesity. Upon remand by the district court, the Administration remanded the case to the ALJ because "the Administrative Law Judge did not address the claimant's obesity." A.R. 539. The remand order noted that Rose has a diagnosis of obesity, and that her weight increased from 228 pounds in October 2000 to 235 pounds at a height of 5'5" in April 2001.[1] *Id.* (citing A.R. 380-84, 417-19). The remand order noted that the prior "April 20, 1999 hearing decision also

---

[1] Rose's weight fluctuated, but reached 244 pounds in September 2001. A.R. 573.

4

did not address the claimant's obesity." *Id.* Pursuant to applicable regulations, the remand order stated that "[f]urther evaluation and development are necessary to determine the effects of the claimant's obesity on her ability to engage in work-related activities." *Id.* The ALJ "will evaluate the claimant's obesity, and determine its effects on her ability to engage in work-related activities." A.R. 540.

## B. The ALJ's Decision

The ALJ found that Rose failed to overcome the presumption of continuing nondisability. A.R. 488. Rose "has no impairment or combination of impairments that precludes her from peforming her past relevant light work as a school custodian" which she performed in October 1994 – March 1996.[2] *Id.* In so holding, the ALJ rejected the medical opinion of an expert subpoenaed by the ALJ to testify at the hearing on remand. *Id.*

The medical expert, Dr. Loren T. Dewind, testified based on review of the medical exhibits pursuant to subpoena from the ALJ. A.R. 492-93, A.R. 513. At the hearing, the ALJ certified that Dr. Dewind was qualified to testify as a medical expert. A.R. 512; A.R. 593-94 (Dr. Dewind's curriculum vitae). In response to the ALJ's questioning, Dr. Dewind testified that obesity is a medically determinable impairment and that, in Rose's case, "I don't believe the obesity would affect her ability more than minimally." A.R. 513-14. Dr. Dewind explained that the basis for that conclusion was his review of the medical records, including X-rays. A.R. 514.

In response to questioning by Rose's counsel, Dr. Dewind gave the following testimony:

---

[2] In the first step, the ALJ found that during the relevant period Rose did not engage in substantial gainful activity. A.R. 489; 20 C.F.R. §§ 404.1520, 416.920. At step two, the ALJ found that Rose suffered from the severe impairments of spinal arthritis, arthritis of both knees, noninsulin-dependent diabetes mellitus, abnormalities of the cervix, a neurofibroma of the right foot, and obesity. *Id.* At step three, the ALJ found that Rose did not meet or equal a listing.

> Q: Okay. So as the Judge just said, do you think that this individual would need some type of limitation like a sit/stand option? Do you think that would be reasonable?
>
> A. Yes, I do.

A.R. 516. In response to follow-up questioning by the ALJ, Dr. Dewind explained his testimony as follows:

> Q: Now Dr. Dewind, you've indicated that the sit/stand option would be – is it reasonable or desirable in this case? Because you first said that it didn't more than minimally affect her ability to function.
>
> A: Well yeah, it doesn't affect her more than minimally, but minimally might require some time sitting during the job, more than she would otherwise.
>
> Q: In this particular case, does it clearly indicate that this person should have a sit/stand option, in your opinion?
>
> A: I believe so. I believe that she has enough pain and enough impairment in her strength so that it would be best if she would have a sit/stand option.
>
> Q: Is that because of her obesity or because of the pain in her feet and legs?
>
> A: Both.

A.R. 516-17. Dr. Dewind's testimony was uncontradicted by any other physician.

The medical expert's testimony regarding the sit/stand option was critical. The vocational expert, who was also subpoenaed by the ALJ and certified by the ALJ as an expert in his field, testified that a person with the limitations that Rose has plus the required sit/stand option would ***not*** be able to do her past work. A.R. 490-91, 512, 517; A.R. 542 (vocational expert's resume). In addition, the vocational expert testified that

///

Rose does not have any transferable skills.  A.R. 517.  The vocational expert's testimony was uncontradicted.

Dr. Dewind was a non-examining medical expert subpoenaed by the ALJ. Greater weight may be given to a nonexamining physician who testifies at the hearing and is subject to cross examination.  *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995).  Moreover, Dr. Dewind's curriculum vitae indicated several publications in the area of obesity.  A.R. 594.  Dr. Dewind's opinion could be credited on account of that expertise.  20 C.F.R. § 416.927(d)(5); *Andrews*, 53 F.3d at 1042.

The ALJ's rejection of Dr. Dewind's uncontradicted opinion is not supported by substantial evidence or reasonable inferences drawn from the record.  The ALJ rejected Dr. Dewind's testimony on the ground that "the evidence fails to establish that the claimant has, in fact, experienced severe pain or weakness due to any cause."  A.R. 488.  The ALJ's statement is not accurate.  The ALJ found that Rose suffered from spinal arthritis, arthritis of the right knee, and neurofibroma of the right foot (which had increased somewhat in size).[3]  A.R. 487.  The medical record contains evidence of impairments, in combination with obesity and advancing age, that could reasonably be expected to produce pain.  A.R. 404, 406, 440-41, 566, 573, 579.  This is sufficient evidence of impairments "'that could reasonably be expected to produce the pain.'" *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989) (citation omitted).

The ALJ cannot require Rose to produce medical evidence establishing the severity of the pain.  "It is reversible as a matter of law to discredit excess pain testimony only because the medical evidence does not fully establish that level of pain."

///

///

///

---

[3] The ALJ stated that the consultant examiner had noted crepitation at both knee joints in April 2001.  A.R. 487.  In September 2001, a treating physician noted "degenerative changes involving the knee joint including probable opaque loose body."  A.R. 574.

*Id.* The ALJ may not require the severity of pain to be corroborated by objective medical evidence.[4] *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc).

Because the ALJ's rejection of Dr. Dewind's testimony was not supported, Dr. Dewind's opinion is credited as a matter of law. *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).

### C. The Remedy

Rose argues that remand for an award of benefits is the proper remedy in this case because the vocational expert's testimony established that Rose could not perform her past work and has no transferable skills. Therefore, Rose contends that she would grid out under grid rule 202.04. Rose is correct. Where application of the grids directs a finding of disability, that finding must be accepted whether the impairment is exertional or results from a combination of exertional and non-exertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989) (finding of disability based on Secretary's own witness and application of grids).

Because Rose's entitlement to benefits is clear and no useful purpose would be served by further administrative proceedings, the ALJ's decision is reversed and remanded for an award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2006).

///
///
///
///

---

[4] Defendant urges the Court to construe the ALJ's rejection of Dr. Dewind's testimony as a finding that Rose's complaints of pain were not credible. The Court declines to do so. The ALJ did not make any express findings that Rose was not credible. An ALJ who disbelieves a claimant's pain testimony must provide clear and convincing reasons by specifically identifying what testimony is not credible and what evidence undermines the claimant's complaints. *Lester*, 81 F.3d at 834. An implicit finding that the claimant is not credible is insufficient. *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990).

## IV.

## **REMAND**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this action is remanded to defendant for an award of benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.


DATED: June 8, 2007                               /s/
                                          ALICIA G. ROSENBERG
                                     UNITED STATES MAGISTRATE JUDGE